## SPANISH FORK CITY v. JARVIS et al.

No. 3001.   Decided August 25, 1917.   (167 Pac. 806.)

APPEAL AND ERROR—REVIEW—FINDINGS.   Findings of fact by the trial court in an equity case will not be disturbed where the great weight of the evidence supports them.[1]

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

Action by Spanish Fork City, a municipal corporation, against George Jarvis and others.

Judgment for defendants. Plaintiff appeals.

AFFIRMED.

*Elias Hansen* for appellant.

*Booth & Booth* for respondents.

CORFMAN, J.

This action was brought by the plaintiff against the defendants in the district court of Utah County to determine the right to the use of water. In substance the complaint alleges: That during the year 1914 the Denver & Rio Grande Railroad Company in the construction of a railroad for the Utah Rail-

---

[1] *Jones* v. *Bonanza M. & M. Co.*, 32 Utah, 440, 91 Pac. 273; *Campbell* v. *Gowans*, 35 Utah, 268, 100 Pac. 397, 23 L. R. A. [N. S.] 414, 19 Ann. Cas. 660.

way Company, east of Spanish Fork City, developed a supply of water sufficient for beneficial use in irrigation; that the water thus developed was seepage water and, therefore, had never flowed in channels, either above or below the earth, until collected in a cut dug by said railroad company and diverted by a stream flowing westerly toward Spanish Fork City; that the plaintiff purchased the water from the railroad company and received a conveyance in writing therefor; that about two second feet of water was thus developed; that said water was purchased by the plaintiff for the irrigation of lands within Spanish Fork City, and that the defendants wrongfully and without right claim an interest therein adversely to the plaintiff. Plaintiff prayed that the defendants be adjudged to have no rights to the water adverse to the plaintiff, and that the defendants be enjoined from interfering with plaintiff's right to control the water, and for general relief. The answer denied generally and specifically the allegations of the complaint, and affirmatively alleged by way of answer and counterclaim that the water arose in certain springs, and that for more than twenty years, by means of ditches and canals, the defendants, their grantors and predecessors in interest, had collected the water from the springs and applied it to a beneficial use in the irrigation of their lands; that they were and are the lawful owners and have the right to the use of all the water, and prayed that their interests and claims be adjudged lawful, and their right to the use of the water quieted by decree of court. Trial was to the court without a jury. Judgment and decree was for the defendants. Motion for new trial was made and denied. Plaintiff appeals and assails the findings of fact, conclusions of law, and decree of the court upon the grounds that they are not supported by the evidence and are contrary to law. The findings complained of are as follows:

"That when, in 1914, a new line of railway was constructed and a cut through the lands above said springs was made, the most of the waters from said springs was cut off, but just as soon as said cut was completed sufficiently to permit it, the said waters were gathered together from said cut, and were

without objection from any person whomsoever immediately conveyed to the lands of the defendants aforesaid, and were by the defendants used for the irrigation of said lands and for the other beneficial purposes hereinbefore mentioned, and the said waters have always been in the possession and under the control of the defendants, except for a short time in October, 1914, when the plaintiff attempted to take said water under its control. That prior to the construction of said railroad cut, the waters came to said springs in well-defined underground channels, and in the construction of said railroad cut, the said well-defined underground channels through which the waters of said springs were conveyed were cut off, and the water was thus interrupted in its flow to the said springs. That said water supplying said springs was not and is not seepage or percolation water. That by the diversion and conveying, regulating, and distributing of the said waters by the defendants for twenty-three years last past, the defendants have become the owners of the said waters and the whole thereof with the undisturbed right to use the same upon their said lands, and the right to use for domestic and culinary purposes, including the watering of stock. That in the construction of the said railroad cut, no additional water was developed, but the waters of said springs were cut off and caused to flow in a surface channel instead of in said underground channels as aforesaid. That the Denver & Rio Grande Railroad Company, or the Utah Railroad Company, or both of said companies, did not acquire any water right by the construction of the said cut and the interrupting of the flow of the underground channels from which said springs were supplied.''

The conclusions of law and decree of the court follow and are in conformity with the foregoing findings complained of by the plaintiff.

We have carefully reviewed the record of the testimony adduced at the trial, and we deem it unnecessary to here make a detailed statement of our findings with respect thereto. Suffice it to say that, as we view the record, the findings of

the trial court are in conformity with and are supported by the great preponderance of the testimony.

This being an equity case, in harmony with the repeated decisions of this court, the findings and judgment of the trial court will not be disturbed where, as here, the great weight of the evidence supports them. *Jones* v. *Bonanza M. & M. Co.*, 32 Utah, 440, 91 Pac. 273; *Campbell* v. *Gowans*, 35 Utah, 268, 100 Pac. 397, 23 L. R. A. (N. S.) 414, 19 Ann. Cas. 660.

It is ordered that the judgment of the district court be affirmed. Defendants to recover costs.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.